# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DERRICK R. WOODS, ) | |
| Petitioner, ) | |
| vs. ) | CAUSE NO. 2:13-CV-455 |
| SHERIFF, ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Derrick R. Woods on December 9, 2013. For the reasons set forth below, the petition (DE #1) is **DENIED WITHOUT PREJUDICE**.

DISCUSSION

Derrick R. Woods, a *pro se* prisoner, is attempting to avoid being prosecuted by the State of Indiana for Dealing in Cocaine or Other Narcotic Drug. "Ordinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel. Stevens v. Circuit Court of Milwaukee County*, 675 F.2d 946, 947 (7th Cir. 1982). This is one of those ordinary cases. Though the circuit in *Stevens* provided for a narrow exception to entertain some double jeopardy claims, this case does not present a double jeopardy claim.

> [T]he relief he is seeking in this habeas corpus proceeding is . . . to enjoin his state criminal trial. So far as that objective is concerned it is immaterial whether he is in custody pursuant to a previous conviction, out on bond, or entirely at liberty while awaiting trial. The relief he is seeking, though within the broad remedial powers granted federal judges by the habeas corpus statute, *see* 28 U.S.C. § 2243; *cf.* 28 U.S.C. § 2251 (stay of state-court proceedings), is remote from the original purpose of habeas corpus-release from unlawful incarceration. In addition, it violates the principle of 28 U.S.C. § 2283 as construed in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts do not lightly enjoin state criminal proceedings.

*Id.*

> *Younger v. Harris* teaches that federal courts should be slow to enjoin state criminal proceedings. Against this must be set the policy of effective enforcement of the rights conferred by the double jeopardy clause. We think the *Younger* policy is the weightier when the defendant is not being asked to undergo a second trial. This conclusion does not leave the defendant without remedy. Stevens had available to him, and invoked, pretrial remedies in the state courts, which rejected his double jeopardy argument after considering it on the merits. We do not think he was entitled to more . . ..

*Id.* at 949.

So too in this case. To the extent that Woods believes that he has a viable defense to the charges against him or that his case is not being properly adjudicated, he can present those claims to the State courts.

In addition, Woods is attempting to challenge the revocation of his bail. However, he has not yet presented this claim to the Indiana Supreme Court as required by 28 U.S.C. § 2254(b)(1). As stated in the petition, Woods has not exhausted the remedies

available to him by presenting this claim (or any other claim) to the Indiana Supreme Court. Such a remedy exists and it is effective as demonstrated in *Vacendak v. State*, 302 N.E. 2d 779 (Ind. 1973) where the Indiana Supreme Court remanded a state habeas corpus proceeding and ordered a bail hearing.

CONCLUSION

For the reasons set forth above, the petition (DE #1) is **DENIED WITHOUT PREJUDICE.**

**DATED: December 12, 2013**          /s/RUDY LOZANO, Judge
                                                   **United State District Court**